UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.:  25-58601-PMB |
| VICTOR TREMAINE LEATHERS, ) | |
| ) | CHAPTER 13 |
| DEBTOR. ) | |
| ) | JUDGE PAUL BAISIER |
| ------------------------------------------------------------- ) | |
| ) | |
| MELISSA J. DAVEY, ) | |
| STANDING CHAPTER 13 TRUSTEE, ) | |
| Movant, ) | |
| ) | |
| v. ) | CONTESTED MATTER |
| ) | |
| VICTOR TREMAINE LEATHERS, ) | |
| Respondent. ) | |
| ------------------------------------------------------------- ) | |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3. In accordance with General Order Nos. 18-2015, 22-2017, and/or 42-2020 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $5,000.00 per month self-employment income and $2,113.00 per month anticipated income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

4. Pursuant to information received from the Internal Revenue Service, 2021

federal tax returns, 2020 and 2021 WT-FICA, and 2021, 2023, 2024, and 2025 FUTA tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

5.  Although Debtor is self-employed, the Chapter 13 budget and schedules do not include an itemization for business expenses, preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income in violation of 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b).

6.  The Chapter 13 budget fails to provide for post-petition self-employment income tax liability, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

7.  The Chapter 13 Plan fails to provide treatment of the filed secured claim of Progressive Residential Borrower 5, LLC (lease arrears) in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

8.  Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). See *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

9.  The Chapter 13 Trustee objects to the Rule 2016(b) Disclosure of Compensation and the Chapter 13 Plan regarding the payment of attorney fees and costs to Clark and Washington to the extent that the attorney fees and costs are inconsistent and/or exceed the maximum amount allowed under General Order 42-2020 and/or constitute an administrative burden.

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: September 17, 2025

/s/Kelsey A. Makeever
Kelsey A. Makeever
Attorney for the Chapter 13 Trustee
GA Bar No. 371499
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CASE NO.:  25-58601-PMB |
|  | ) |  |
| VICTOR TREMAINE LEATHERS, | ) | CHAPTER 13 |
|  | ) |  |
| DEBTOR. | ) | JUDGE PAUL BAISIER |
|  | ) |  |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**
CLARK & WASHINGTON, P.C.

I further certify that on this day I caused a copy of this document to be served via first class mail, with adequate postage prepaid on the following parties set forth below at the address shown for each.

DEBTOR:
VICTOR TREMAINE LEATHERS
7601 HILLTOP WAY
ATLANTA, GA  30349

Dated: September 17, 2025

/s/Kelsey A. Makeever
Kelsey A. Makeever
Attorney for the Chapter 13 Trustee
GA Bar No. 371499
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:   (678) 510-1444
Facsimile:(678) 510-1450
mail@13trusteeatlanta.com