**IT IS ORDERED as set forth below:**



**Date: October 4, 2025**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge
Signed as Revised by the Court**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>VICTOR TREMAINE LEATHERS<br><br>**Debtor(s)**. | CASE NO. 25-58601-pmb<br>CHAPTER 13 |
| Progress Residential Borrower 17, LLC<br><br>**Movant**<br><br>v.<br><br>Victor Tremaine Leathers, Debtor(s);<br>Twanshella Leathers, Codebtor(s);<br>and Melissa J. Davey, Trustee<br>**Respondents**. | Judge Paul Baisier<br><br>CONTESTED MATTER |

**<u>ORDER DENYING MOTION FOR RELIEF FROM STAY WITH STRICT
COMPLIANCE</u>**

This matter came before the Court on Movant's Motion for Relief from Stay [Doc. No. 15](the "Motion"), as filed on August 19, 2025. A hearing was scheduled on Movant's Motion on September 25, 2025. Movant and Debtor resolved the Motion by evidencing their consent to

1

terms contained herein, as further announced at the hearing on the Motion. No party, including Codebtor Twanshella Leathers, appeared in opposition as to the Motion.

Movant is a landlord/creditor pursuant to a Residential Lease Agreement dated October 31, 2024, at a rate of $2,432.00 per month plus utilities and other amounts accruing thereunder (hereinafter, the "Lease"). The Lease is executed by Victor Tremaine Leathers and Twanshella Leathers, relative to certain property known as 7601 Hilltop Way, College Park, Georgia 30349, (hereinafter, the "Property"). A true and correct copy of the Lease was attached to the Motion and incorporated herein by reference.

Movant asserts the Debtor and Codebtor failed to timely remit rent under the terms of the Lease for non-payment of rent and utilities post-petition, including a post-petition default for failure to pay rent for the month(s) of August and September 2025; as a result, Movant sought relief from the automatic stay.

Debtor desires to remain in possession of the Property and to otherwise abide by the terms and obligations of the Lease. The parties agree that the post-petition arrearage through September 2025 totaling $5,468.51 may be paid by Debtor by September 26, 2025 to Movant. Therefore, the Court orders as follows:

**IT IS HEREBY ORDERED** that the Motion with respect to the Property as to the Debtor is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

**IT IS FURTHER ORDERED** that the total post-petition arrearage through September 2025 totals $5,468.51, representing rent, utilities, and late fees accruing under the terms of the Lease. Debtor shall further amend the plan to cure the pre-petition balance owing to

Movant, in the amount of $9,556.51, within an amended plan, with said pre-petition amount to be fully paid and satisfied in full before October 15, 2026.

**IT IS FURTHER ORDERED** that all payments tendered by Debtor to Movant shall be made in certified funds. Payments must be received at Movant's mailing address, located at 7500 N. Dobson Road, Ste 300, Scottsdale AZ 85256 or to such address or payment method as may be hereafter designated. Failure to tender the above-described payment due by September 26, 2025, or alternatively for Debtor to submit a proposed amended plan or payment in conformity with the above by October 15, 2025, shall entitle Movant to request an order lifting the stay under §§ 362(a),(d) and § 1301 to allow it to pursue its state law remedies as to Debtor and the Property by a sworn affidavit of Movants.

**IT IS FURTHER ORDERED** that Debtor will resume strict compliance with the Lease, including as to the monthly rental payments and utilities due beginning October 1, 2025. Should Debtor default on said regular rental payments which come due according to the Lease through September 1, 2026, then upon notice of default sent by first class mail to Debtor to the address(es) that appear on the attached distribution list, and to Debtor's attorney to the designated email address as maintained with the CM/ECF system and failure to cure such default within five (5) days from the date of said notice by sending payment to such address that Movant directs in its Notice of Default, Movant may file a motion and affidavit of default with the Court, with service upon Debtor and Debtor's attorney, and the Court may enter an Order lifting the automatic stay under §§ 362(a),(d) and § 1301 without further notice or hearing.

**[END OF DOCUMENT]**

<table>
<tr><td>

/s/ Matthew F. Totten
Matthew F. Totten
GA Bar No. 798589
THE TOTTEN FIRM, LLC
2090 Dunwoody Club Dr.
Ste 106-33
Atlanta, GA 30350
*Attorney for Movant*

</td><td>

 /s/ Brian Shockley (w/ exp. perm).
Brian Shockley
GA Bar # 643752
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341
*Attorneys for Debtor*

Seen and No Opposition:

/s/ Kelsey A. Makeever [by exp. perm.]
Kelsey A. Makeever
GA Bar # 371499
Office of Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

</td></tr>
</table>

4

Distribution List:
E. L. Clark
Clark & Washington, LLC Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341

Matthew F. Totten
THE TOTTEN FIRM, LLC
2090 Dunwoody Club Dr.
Ste 106-33
Atlanta, GA 30350

Melissa J. Davey
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street NE
Atlanta, GA 30303

Victor Tremaine Leathers
7601 Hilltop Way
College Park GA 30349

Twanshella Leathers
7601 Hilltop Way
College Park GA 30349