**IT IS ORDERED as set forth below:**



Date: October 27, 2025

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>Victor Tremaine Leathers,<br><br>**Debtor**. | CASE NO. 25-58601-pmb<br>CHAPTER 13<br><br>Judge Paul Baisier |
| Progress Residential Borrower 17, LLC,<br><br>**Movant** ,<br><br>v.<br><br>Victor Tremain Leathers, Debtor; Twanshella Leathers, Codebtor; and Melissa J. Davey, Trustee ,<br>   **Respondents**. | CONTESTED MATTER |

**ORDER GRANTING DEFAULT MOTION FOR RELIEF FROM STAY**

Debtor and Movant previously entered into a consent order between Debtor and Movant, dated October 6, 2025 [Doc. 20], in which Debtor agreed to resume strict compliance with the lease post petition commencing commencing October 1, 2025. Debtor further agreed to cure the post petition

1

arrearage by October 15, 2025. Debtor further agreed to either (1) cure the total pre-petition arrearage of $9,556.51 by filing an amended plan by October 15, 2025, curing said pre-petition sum by October 15, 2026 or (2) to cure the pre-petition arrearage by October 15, 2025 via payment in full to Movant.

As evidenced by Movant's subsequent default *Motion to Lift Stay for Debtor's Noncompliance With Strict Compliance Order*, filed on October 22, 2025 [Doc 22](the "Default Motion") , as supported by adequate notice upon Debtor/Debtor's counsel [Doc 22-1] and further evidenced by an affidavit of noncompliance [Doc 22-2], Debtor failed to strictly comply with the terms agreed between the parties, particularly Debtor failing to either (1) cure the total pre-petition arrearage of $9,556.51 by filing an amended plan by October 15, 2025, curing said pre-petition sum by October 15, 2026 or (2) to cure the pre-petition arrearage by October 15, 2025 via payment in full to Movant. No response has been filed by Debtor or Co-Debtor in opposition to Movant's Default Motion. It is hereby

**ORDERED** that Movant's Default Motion is granted.  The automatic stay pursuant to 11 U.S.C. §§ 362(d) and 1301 of the Bankruptcy Code is MODIFIED to allow Movant to pursue dispossessory proceedings against Debtor as-available under Georgia law to recover possession of certain property known as 7601 Hilltop Way, College Park, Georgia 30349 (the "Property"), and that the Property be abandoned as property of the estate. It is further

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action to recover possession of the Property, but Movant is not permitted to pursue any collection activities on that judgment as to property of the estate during the pendency of the instant Bankruptcy. It is further

2

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(4) is waived to allow Movant to proceed immediately with a dispossessory action.

**[END OF DOCUMENT]**

**Order presented by:**

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
Tel: (404) 692-4342
Email: mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

Distribution List:

E.L. Clark
Clark & Washington, LLC
Bldg 3
3300 Northeast Expwy
Atlanta, GA 30341
*Counsel for Debtor*

Matthew F. Totten
THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
*Counsel for Movant*

Melissa J. Davey
Standing Chapter 13 Trustee
Ste 2250
233 Peachtree Street NE
Atlanta, GA 30303
*Trustee*

Victor Tremaine Leathers, Debtor
7601 Hilltop Way
College Park, GA 30349

Twanshella Leathers, Codebtor
7601 Hilltop Way
College Park, GA 30349